UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No. 4:25-cv-00142-M

| | |
|---|---|
| GRADY F. SMITH and WAVETAMER GYROS, LLC,<br><br>        Plaintiffs,<br><br>vs.<br><br>SUTTON NATIONAL INSURANCE COMPANY; KEMAH CAPITAL HOLDING, LLC d/b/a KEMAH MARINE; MARKS INSURANCE GROUP, INC. d/b/a MARKS MARINE INSURANCE AGENCY; and KENNETH MARKS,<br><br>        Defendants. | **[PROPOSED] ORDER GRANTING CONSENT MOTION TO STAY DISCOVERY AND FOR RELIEF FROM ORDER FOR DISCOVERY PLAN**<br><br>**Fed. R. Civ. P. 26(c)** |

      This matter comes before the Court on Defendants' motion to stay discovery in this matter and relieve the parties from the obligations set out in this Court's Order for Discovery Plan [D.E. 14] pending resolution of Defendants' Motion to Dismiss. [D.E. 12]. Plaintiffs have consented to this motion. For the reasons that follow, the motion is allowed.

      Fed. R. Civ. P. 26(c) authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until pending dispositive motions are resolved. *See* Yongo v. Nationwide Affinity Ins. Co. of Am., No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. United States v. A.T Massey Coal Co., No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). "Factors favoring issuance of a stay include the potential for the dispositive motion to

terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." Yongo, 2008 WL 516744, at *2 (quoting Tilley v. United States, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)); *see* Ivery v. N Carolina Ass 'n of Educators, Inc., No. 2:22-CV-43-M, 2023 WL 2192373, at *1 (E.D.N.C. Feb. 23, 2023)(allowing stay where defendant's pending motion to dismiss, if allowed, would terminate the litigation, and Plaintiff had not asserted that discovery is necessary to resolve the motion).

Here, the balance of factors weighs in favor of allowing the motion. The Defendants' pending motion to dismiss, if allowed, will terminate the litigation, and Plaintiff has not asserted that discovery is necessary to resolve the motion. *See* Ivery, 2023 WL 2192373, at *l. Accordingly, for good cause shown, the motion to stay discovery pending ruling on the motion to dismiss is allowed. In the event Plaintiffs' case survives, the parties shall file a discovery plan within twenty-one (21) days of the Court's ruling on the motion to dismiss.

SO ORDERED, the _____ day of September, 2025

_____

Richard E. Myers, II
United States District Court Judge