UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No. 4:25-cv-00142-M

| | |
|---|---|
| GRADY F. SMITH and WAVETAMER GYROS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SUTTON NATIONAL INSURANCE COMPANY; KEMAH CAPITAL HOLDING, LLC d/b/a KEMAH MARINE; MARKS INSURANCE GROUP, INC. d/b/a MARKS MARINE INSURANCE AGENCY; and KENNETH MARKS,<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION TO STAY DISCOVERY AND FOR RELIEF FROM ORDER FOR DISCOVERY PLAN**<br><br>**Fed. R. Civ. P. 26(c)** |

Sutton National Insurance Company ("Sutton") and Kemah Capital Holding, LLC d/b/a Kemah Marine ("Kemah")(collectively "Defendants"), submit this memorandum of law in support of their Motion to Stay Discovery and for Relief from Order for Discovery Plan (the "Motion") pursuant to Fed. R. Civ. P. 26(c) and Local Rules 7.1 and 7.2, with Plaintiffs' consent.

### NATURE OF THE CASE AND INTRODUCTION

This admiralty case involves a marine insurance coverage dispute. It concerns an insurance policy that Defendant Sutton issued to Plaintiff Grady Smith ("Smith") providing coverage for a sportfishing yacht WAVETAMER (the "Vessel"), which Defendants rescinded and declared void based on misrepresentations made by Plaintiff Smith when applying for the policy that were discovered during a claim investigation following the sinking (the "Sinking") of the Vessel. Plaintiffs' suit against Defendants seeks recovery under the policy for the Sinking and asserts

various contract, tort and equitable claims against Defendants related to Sutton's decisions to deny coverage for the Sinking and rescission of the policy. Defendants, with Plaintiffs' consent, seek to stay discovery in this case and for relief from this Court's Order for Discovery Plan [D.E. 14] until after this Court rules on Defendants' pending Motion to Dismiss [D.E. 12], which if granted, would obviate the need for discovery in this case.

## FACTS AND PROCEDURAL HISTORY

1. On 30 June 2025, Plaintiffs filed their Complaint in the Superior Court Division of the North Carolina General Court of Justice in Onslow County, North Carolina (the "Superior Court Action"). [D.E. 1-8].

2. On 31 July 2025, Defendants timely removed the Superior Court Action to this Court pursuant to the Court's diversity jurisdiction. [D.E. 1].

3. On 8 September 2025, Defendants moved to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [D.E.'s 12 & 13].

4. On 9 September 2025, this Court issued its Order for Discovery Plan. [D.E. 14].

5. On 10 September 2025, Plaintiffs and Defendants agreed that it would be in the best interest of the Parties to stay discovery and other requirements of the Order for Discovery Plan [D.E. 14] until this Court rules on Defendants' pending Motion to Dismiss [D.E.'s 12 &13].

## LEGAL ARGUMENT

**1) Legal Standard – Motion to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c)**

"Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until pending dispositive motions are resolved." Ransom v. Page, No. 7:23-CV-166-M, 2023 WL 3513671, at *1 (E.D.N.C. May 17, 2023)(citing Yongo v. Nationwide Affinity Ins. Co. of Am., No. 5:07-CV-

94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008)); *see also* Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd,* 85 Fed. Appx. 333 (4th Cir. 2004)("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion."). "In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources." Ransom 2023 WL 3513671, at *1 (citing United States v. A.T. Massey Coal Co., No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007)). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Id.* (quoting Yongo, 2008 WL 516744, at *2 and Tilley, 270 F. Supp. 2d at 735); *see also* Ivery v. N. Carolina Ass'n of Educators, Inc., No. 2:22-CV-43-M, 2023 WL 2192373, at *1 (E.D.N.C. Feb. 23, 2023)(granting motion to stay discovery because pending dispositive motion would terminate litigation and discovery was unnecessary to resolve dispositive motion).

**2) Good cause exists to stay discovery and grant the Parties relief from the Order for Discovery Plan.**

Application of the factors enumerated above demonstrates that a stay of discovery is appropriate in this case. First, Defendants' pending Motion to Dismiss [D.E. 12], if allowed, would terminate this action, as it addresses each of Plaintiffs' claims against Defendants. Second, Defendants' Memorandum in Support of their Motion to Dismiss includes strong support for its legal arguments for dismissal of Plaintiffs' Complaint. *See* [D.E. 13].[1] Third, since Defendants' Motion to Dismiss was brought pursuant to Fed. R. 12(b)(6), it solely tests the factual bases set

---

[1] Defendants will not belabor this point in this memorandum but incorporate by reference the content of their Memorandum of Law in Support of Motion to Dismiss [D.E. 13].

3

out in Plaintiffs Complaint and accepts them as true, so discovery is not needed to resolve the Motion to Dismiss. *See id.* Furthermore, staying discovery will "prevent a waste of time and resources by the parties and to make efficient use of judicial resources," as discovery will be unnecessary if Defendants' Motion to Dismiss is granted. *See* Ivery 2023 WL 2192373, at *1. Finally, Plaintiffs have consented to the requested stay of discovery and relief from the Order for Discovery Plan.

## CONCLUSION

Defendants have demonstrated good cause to stay discovery in this case and relieve the Parties of the obligations set forth in this Courts' Order for Discovery Plan. Plaintiffs consent to the relief requested in the Motion. As such, the Motion should be granted.

Dated: 15 September 2025

CLARK, NEWTON & EVANS, P.A.
/s/ Seth P. Buskirk
N.C. State Bar No. 36664
509 Princess St.
Wilmington, NC 28401
(910) 762-8743 Telephone
(910) 762-6206 Fax
spb@clarknewton.com
*Attorney for Defendants Sutton National Insurance Company and Kemah Capital Holding, LLC d/b/a Kemah Marine*
