IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-00142-M

**Wavetamer Gyros, LLC,** et al.,

Plaintiffs,

v.                                                                          **Order**

**Sutton National Insurance Co.,** et al.,

Defendants.

This matter comes before the court upon Defendants' motion to stay, to which Plaintiffs consent. D.E. 15. It requests a stay the Rule 26(f) report and discovery until the court resolves the pending motion to dismiss and motion to remand. D.E. 12. The motion to stay contends that the pending motion may resolve the case or obviate the need for discovery. So the time and expense attendant to discovery may be unnecessary.

"A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the

motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Until the court disposes of the pending motion, it is uncertain what discovery may be required. The resolution of the pending motion may narrow discovery or eliminate its need entirely. And the pending motion requires no discovery for the court to decide it.

The Defendants set forth reasonable arguments in support of their motion to dismiss. Once filed, Plaintiffs may offer similarly plausible arguments in opposition to the motion. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the pending motion to dismiss. If the motion is granted, the time and resources devoted to discovery may be for naught. The court is mindful of the interests in moving a case forward. But given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the pending motion.

After balancing the relevant factors, the court finds that there is good cause to stay discovery. So the court grants the motion to stay (D.E. 15) and orders that, unless they agree otherwise, the parties' Rule 26(f) meeting, report, and any discovery are postponed until the court resolves the pending motion to dismiss. If court the denies the motion, in whole or in part, the

parties must confer and submit an amended Rule 26(f) report within 14 days from the entry of the order on the motion.

Dated: September 22, 2025.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE